UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEROME MERRIWEATHER,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 19-cv-1268-JPG
Criminal No 15-cr-40046-JPG-006

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jerome Merriweather's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

### I.  Background

In October 2015, a grand jury indicted Merriweather on one count of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and on three counts of distribution of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(C).  Represented by attorney Cheryl R. Whitley, on April 7, 2016, Merriweather pled guilty to all four counts pursuant to a written plea agreement accompanied by a stipulation of facts.  Prior to accepting the plea, the Court conducted a plea colloquy that substantially complied with Federal Rule of Criminal Procedure 11.  During the plea hearing, it was noted that it was not clear whether Merriweather would qualify as a career offender.  After the plea but prior to sentencing, the Court allowed Whitley to withdraw as counsel and appointed new counsel (twice) to represent Merriweather.  Following an initial presentence investigation report finding Merriweather was, indeed, a career offender, Merriweather, then represented by John D. Stobbs, moved to withdraw his guilty plea to all four counts.  After holding a hearing on the matter on April 26, 2017, the Court denied the motion.

On August 1, 2017, the Court found Merriweather to be a career offender and sentenced him to serve 228 months in prison on each count, all to run concurrently.  Merriweather appealed his

conviction to the United States Court of Appeals for the Seventh Circuit, which on November 20, 2018, dismissed the appeal after allowing appellate counsel Colleen Ramais to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *See United States v. Merriweather*, 743 F. App'x 31 (7th Cir. 2018).  Merriweather did not seek a writ of *certiorari* from the Supreme Court.

## II. § 2255 Motion

In his timely § 2255 motion, the petitioner makes the following arguments:

Ground 1: His various counsel were constitutionally ineffective in violation of his Sixth Amendment rights because:

    a. Whitley misled him into pleading guilty by falsely promising he would receive a furlough to obtain necessary surgery even though Merriweather told her the factual basis for the plea was incorrect and he was actually innocent of the charges and, as a consequence, Merriweather's plea was not knowing and voluntary;

    b. counsel Michael Ghidina, who replaced Whitley, failed to research or investigate the reasons Merriweather wanted to withdraw his guilty plea and refused to file a motion to withdraw the guilty plea;

    c. Stobbs, who replaced Ghidina, failed to argue in the motion to withdraw Merriweather's guilty plea that he was innocent of the crimes to which he had pled guilty, instead making the weak argument that the plea agreement was an improper contract of adhesion to which Merriweather should not be bound;

    d. Stobbs failed to argue at sentencing that Merriweather's prior Illinois state aggravated battery conviction did not qualify as a crime of violence that would support career offender status;

    e. Ramais sought to withdraw from Merriweather's appeal rather than representing him;

Ground 2: Merriweather was actually innocent of the conspiracy charged, and the evidence used to support his relevant conduct was not reliable; and

Ground 3: Merriweather's prior Illinois state aggravated battery conviction did not qualify as a crime of violence that would support career offender status.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 1.b, 1.d, 1.e, 2 or 3 above. The Court will order the Government to respond to the remaining arguments in Grounds 1.a and 1.c.

### III. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

  A.  <u>Ineffective Assistance of Counsel</u>

Ground 1 of Merriweather's challenge to his sentence rests on alleged instances of ineffective assistance of counsel. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);

*Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).   To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.   *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).   The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance.   *Id.*   To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"   *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591.

      1.     Ghidina

In Ground 1.b, Merriweather faults Ghidina for failing to investigate Merriweather's claim of innocence and failing to file a motion to withdraw his plea in light of such an investigation.   There is no need to inquire into Ghidina's performance as counsel for Merriweather because, whatever that performance was, it did not prejudice Merriweather.   Ghidina represented Merriweather after Whitley represented him leading up to and during his guilty plea and before Stobbs represented him for his motion to withdraw his plea and at sentencing.   The record shows that Ghidina was in the process of researching whether to contest relevant conduct at sentencing and whether to file a motion to withdraw Merriweather's plea when their communications irretrievable broke down.   Where Merriweather was represented by other counsel at the critical stages of his criminal proceeding, Ghidina's performance would have had no reasonable chance of changing the outcome of the case.   Specifically, any deficiency Merriweather asserts as to Ghidina's failure to research and file a motion to withdraw his plea was cured by Stobbs's filing such a motion.   The adequacy of Stobbs's motion will be addressed in the examination of Stobbs's performance.   Accordingly, Ghidina's performance cannot serve as a

basis for relief under § 2255.

        2.      <u>Ramais</u>

In Ground 1.e, Merriweather faults Ramais for seeking to withdraw from representing him on appeal instead of continuing on his case. Ramais, however, used the standard acceptable method of seeking withdrawal where an attorney believes her obligation to make non-frivolous arguments runs up against her obligation to zealously represent her client. That procedure is set forth in *Anders v. California*, 386 U.S. 738 (1967), in which the Supreme Court analyzed the contours of a defendant's right to counsel on appeal where counsel thinks the appeal is frivolous. In that case, the Court held that a mere letter from counsel to the court stating that the appeal had no merit was insufficient. *Id*. at 744-45. Instead, it approved of this procedure:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. . . . On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744. Since this case, the brief filed by defense counsel seeking leave to withdraw on appeal has been referred to as an *Anders* brief.

Ramais filed the prescribed *Anders* procedure. After considering Ramais's brief and Merriweather's responses to it, the Court of Appeals found Merriweather's appeal to be frivolous, allowed Ramais to withdraw, and dismissed the appeal. *United States v. Merriweather*, 743 F. App'x 31, 33 (7th Cir. 2018). It noted, however, that Merriweather could still raise issues of ineffective assistance of counsel in a collateral attack under § 2255, *id.* at 32, as he has done in this proceeding.

To show appellate counsel was constitutionally deficient, a defendant must identify an issue counsel did not raise that was obvious and clearly stronger than the arguments she raised and that had a reasonable probability of changing the outcome of the appeal. *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008); *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). Merriweather has not pointed to any issue now that Ramais should have raised but did not that would have had a reasonable probability of showing Merriweather's appeal was not frivolous or that the appeal would have had a different result.[1] Ramais's performance in this regard was not deficient, as confirmed by the Court of Appeals' acceptance of her brief as adequate, and Merriweather has pointed to no prejudice he suffered from it. Accordingly, Ramais's performance cannot serve as a basis for relief under § 2255.

B.   Actual Innocence

In Ground 2, Merriweather claims to be actually innocent of conspiracy, but it is apparent that what he really means is that he disagrees with the Court's relevant conduct finding. Even at his sentencing hearing, he only contested the amount of relevant conduct—admitting that he had relevant conduct amounting to 2 grams of heroin—but not the fact that he committed the crime of conspiracy. His claim of "actual innocence" is therefore really that he is not accountable for all the relevant conduct found in the presentence investigation report and adopted by the Court.

A relevant conduct finding, however, is not reviewable in a § 2255 proceeding because it is a nonconstitutional error that could have been raised on direct appeal had Merriweather not waived his right to file a direct appeal. Indeed, Ramais mentioned the issue in her *Anders* brief, and the Court of Appeals found the argument was waived by Merriweather's appeal waiver in his guilty plea. Not every sentencing error can be corrected in a post-conviction proceeding, even if the error is not

---

[1] To the extent his ineffective assistance of counsel arguments may not be frivolous, the Court of Appeals declined to address those issues, instead reserving them for this § 2255 proceeding

6

harmless.  *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019) (citing *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013)).  As long as a defendant's sentence is within the statutory sentencing range, which Merriweather's is, sentencing guideline calculation errors under the advisory sentencing guidelines are nonconstitutional and are not reviewable in § 2255 proceedings.  *Hawkins*, 706 F.3d at 823-24.  However, the Court will examine this question in connection with whether Stobbs's performance at sentencing with respect to relevant conduct was constitutionally ineffective as asserted in Ground 1.c.

      C.    <u>Career Offender</u>

In Ground 3, Merriweather argues that the Court misapplied the career offender guideline provisions under the advisory Guidelines.  However, as noted above, sentencing errors under the advisory guidelines that a defendant could have raised on direct appeal are generally not cognizable in a § 2255 proceeding.  This includes errors that result in an erroneous determination under the advisory guidelines that a defendant is a career offender.  *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014); *Hawkins v. United States*, 706 F.3d 820, 820 (7th Cir. 2013); *see Hanson v. United States*, 941 F.3d 874, 877-78 (7th Cir. 2019).  For this reason, § 2255 relief is not available to Merriweather for the Court's decision that he is a career offender even if that decision was wrong.  However, as with Merriweather's relevant conduct argument, the Court will consider it through the lens of ineffective assistance of counsel, as Merriweather raises in Ground 1.d.

Turning to that constitutional argument, it is clear that Stobbs's representation of Merriweather in connection with the career offender enhancement at sentencing was not constitutionally ineffective.  Merriweather claims Stobbs should have argued that Merriweather's prior Illinois conviction for aggravated battery was not a crime of violence under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2(a).  He ignores, however, that Stobbs made just such an argument in his

sentencing memorandum and referenced that argument at the sentencing hearing.   While it is true that Stobbs admitted he had not been aware at the time he filed the sentencing memorandum that the Seventh Circuit Court of Appeals had decided a nearly identical case, that failure was not prejudicial to Merriweather in part because that cases was not beneficial to him.

The bottom line is that Stobbs made competent arguments to the Court about why Merriweather's prior aggravated battery conviction should not qualify as a predicate offense for career offender purposes, and Merriweather has not identified what more Stobbs could or should have argued that would have had a reasonable chance of changing the Court's mind about his career offender status. Indeed, the charging documents show that Merriweather was convicted under the prong of the Illinois battery statute that required causing "bodily harm to an individual," 720 ILCS 5/12-3(a)(1) (1998), rather than merely making physical contact of an insulting or provoking nature, 720 ILCS 5/12-3(a)(2) (1998).   *See* 720 ILCS 5/12-4(b)(8) (1998) (providing the aggravating feature that the battery occurred on a public way).   Conviction under this prong of the battery statute brings the crime within the ambit of the "force clause," U.S.S.G. § 4B1.2(a)(1), the clause defining crimes of violence, for career offender purposes, to include crimes that have as an element the use of physical force.   *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017).   Under the force clause, Merriweather's prior aggravated battery conviction clearly qualified as a crime of violence for career offender purposes, and the Court cannot imagine what Stobbs could have argued to convince it otherwise.   Thus, Merriweather suffered no prejudice from Stobbs's performance and is not entitled to § 2255 relief on this basis.

## IV.    Conclusion

The Court rejects as a basis for 2255 relief Grounds 1.b, 1.d, 1.e, 2 and 3. The Court **ORDERS** the Government to file a response to Grounds 1.a and 1.c of the petitioner's § 2255 motion within **FORTY-FIVE DAYS** of the date this order is entered.   The Government shall, as part of its response,

attach all relevant portions of the record in the underlying criminal case.

**IT IS SO ORDERED.**
**DATED:   May 8, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
