UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEROME MERRIWEATHER,

    Petitioner,

    v.                                                     Civil No. 19-cv-1268-JPG
                                                           Criminal No 15-cr-40046-JPG-006

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jerome Merriweather's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Pursuant to the Court's instruction, the Government has responded to Grounds 1.a and 1.c of the motion (Doc. 11), and Merriweather has replied to that response (Doc. 14). The Court also addresses Merriweather's motion for leave to amend his § 2255 motion (Doc. 15), to which the Government has not responded.

**I.    Background**

In October 2015, a grand jury indicted Merriweather on one count of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and on three counts of distribution of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(C). Represented by attorney Cheryl R. Whitley, on April 7, 2016, Merriweather pled guilty to all four counts pursuant to a written plea agreement accompanied by a stipulation of facts. Prior to accepting the plea, the Court conducted a plea colloquy that substantially complied with Federal Rule of Criminal Procedure 11. During the plea hearing, it was noted that it was not clear whether Merriweather would qualify as a career offender. After the plea but prior to sentencing, the Court allowed Whitley to withdraw as counsel and appointed new counsel (twice) to

represent Merriweather. Following an initial presentence investigation report finding Merriweather was, indeed, a career offender, Merriweather, then represented by John D. Stobbs, moved to withdraw his guilty plea to all four counts. After holding a hearing on the matter on April 26, 2017, the Court denied the motion.

At the August 1, 2017, sentencing hearing, the Court found Merriweather to be a career offender and sentenced him to serve 228 months in prison on each count, all to run concurrently. Merriweather appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on November 20, 2018, dismissed the appeal after allowing appellate counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Merriweather*, 743 F. App'x 31 (7th Cir. 2018). Merriweather did not seek a writ of *certiorari* from the Supreme Court.

The Court will set forth additional facts as necessary in its discussion of the claims Merriweather raises in his § 2255 motion.

## II.     § 2255 Motion

In his timely § 2255 motion, the petitioner makes a number of arguments. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court disposed of some of the grounds for relief Merriweather asserts, and directed the Government to respond only to Grounds 1.a and 1.c:

Ground 1.a:   Whitley was constitutionally ineffective in violation of his Sixth Amendment rights because she misled him into pleading guilty by falsely promising he would receive a furlough to obtain necessary surgery, and even though Merriweather told her the factual basis for the plea was incorrect and he was actually innocent of the charges and, as a consequence, Merriweather's plea was not knowing and voluntary; and

Ground 1.c:   Stobbs failed to argue in the motion to withdraw Merriweather's guilty plea that he was innocent of the crimes to which he had pled guilty,

2

> instead making the weak argument that the plea agreement was an improper contract of adhesion to which Merriweather should not be bound.

These are the only remaining potential grounds for § 2255 relief.

### III.   Analysis

In its preliminary review order, the Court set forth the standards for § 2255 relief based on ineffective assistance of counsel:

> The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).
> * * *
> The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).
> A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591.

Mem. & Order 3-4 (Doc. 2). The Court now turns to the two claimed instances of ineffective assistance of counsel by Whitley and Stobbs.

    A.    <u>Whitley</u>

In Ground 1.a, Merriweather faults Whitley for inducing him to plead guilty with a false promise that he would receive a furlough for surgery for his gunshot wound even though at the time he had told her that the factual basis for his plea was incorrect and that he was actually innocent of the conspiracy.

Where a defendant pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d

1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice"). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967.

In his § 2255 motion and reply brief, Merriweather specifically asserts that he told Whitley before his guilty plea about the chronological impossibility of his involvement in the conspiracy because he was in prison or in the hospital for part of that time. He indicated he had written her a letter before his plea telling her he "didn't understand [her] strategy of having me comitt [*sic*] to a crime I did not do. I've told you and detectives since day one, that I never took part in any conspiracy. . . . So why would you force me to sign a ple [*sic*] deal, admitting to a crime I never took part in." 4/12/16 Letter, Pet.'s § 2255 Mot. Ex. 9 (Doc. 1 at 28; full letter at No. 15-cr-40046-JPG, Doc. 186 at 3-4). He claims that rather than researching the facts, Whitley encouraged him to plead guilty and coached him on false responses he had to give in the plea colloquy in order to get the furlough he wanted to obtain the surgery he needed and ultimately to receive a lower sentence.

The Government argues that Merriweather's current statements are belied by his sworn statements at his plea colloquy, which show that his plea was knowing, voluntary, competent, and not induced by threats or promises. It argues Merriweather has not given a good reason for disregarding those representations now.

As noted above, the Court conducted a plea colloquy with Merriweather on April 7, 2016. Plea Tr. (No. 14-cr-40046, Doc. 227). At that hearing, Merriweather swore to tell the

truth in the colloquy.  Plea Tr. 2.  Then in the course of the colloquy, he stated that he was 35, had two years of college, and could read and understand English.  *Id.* at 3.  He confirmed that he had received a copy of the indictment stating the charges against him, that he had discussed them with Whitley, and that he was "fully satisfied with the counsel, representation and advice given to [him] in this case by Ms. Whitley."  *Id.*  The Court then informed him of the charges against him, including the conspiracy to distribute 100 grams of more of heroin, and he confirmed that he understood those charges and their statutory sentencing ranges.  *Id.* at 3-5.  He also stated that he was pleading guilty pursuant to a written, signed plea agreement, addendum, and stipulation of facts that he had read and reviewed with Whitley.  *Id.* at 6-8, 13.  He also stated to the Court that no threats or promises had been made to induce him to plead guilty and that he was pleading guilty as his own free and voluntary act.  *Id.* at 8.  The parties noted that it was disputed whether Merriweather would be a career offender under the sentencing guidelines.  *Id.* at 9-10.  The Government also summarized the factual basis for a guilty plea to the conspiracy charge as follows:

> Your Honor, if this matter were to proceed to a trial, the Government would show that during the time frame charged in Count 1, within the Southern District of Illinois and elsewhere, Mr. Merriweather and others had an agreement to commit an unlawful act; that being the distribution of heroin.  We would show that during the course of the conspiracy beginning in around 2014, Mr. Merriweather began receiving heroin in dealer amounts from individuals in Chicago, and that heroin was intended for resale down here in southern Illinois.  Mr. Merriweather would then sell the heroin and repay the sources.  He would also, the evidence would show, provide heroin to other coconspirators, including Boley and Woodcock, for resale.  And, then we would show that the Defendant traveled to Chicago on occasion to be resupplied with more heroin to bring it back down to the Southern District of Illinois for resale.

*Id.* at 11-12.  Merriweather confirmed that the factual base set forth by the Government was correct.  *Id.* at 12-13.  He then entered guilty pleas to all four charges, and again confirmed that

no threats or promises had been made to induce him to plead guilty and that he was pleading guilty as his own free and voluntary act.  *Id.* at 13.   Additionally, the documents he signed before the plea colloquy were consistent with his plea colloquy statements (No. 14-cr-40046, Docs. 178, 179, & 180).   The Court found that an adequate factual basis for Merriweather's guilty plea existed and that Merriweather had knowingly, voluntarily, and competently pled guilty to all of the charges and, accordingly, adjudged him guilty.  *Id.* at 13-14.

Indeed, Merriweather's sworn statements at this plea colloquy directly contradict his claim now that he was *not* fully satisfied with Whitley's counsel, representation and advice because, before his plea, he did not understand or agree with her strategy to plead guilty to a crime he did not commit in order to get a furlough for surgery.   His plea colloquy statements also directly contradict his claims now that he pled guilty *because of* promises Whitley made to him about a furlough for surgery; he swore twice at the plea hearing that there were no such promises.   Finally, he now claims he was innocent of the charged conspiracy, but at the plea hearing he admitted under oath that he understood the conspiracy charge, that the factual basis for the plea was true, and that he was guilty of that charge.

Merriweather has an uphill battle to show Whitley's performance was deficient when his sworn statements at the colloquy show otherwise.   "[T]he representations of the defendant . . . at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity."   *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

> When a district court conducts a Rule 11 colloquy, it is not putting on a show for the defendant, the public, or anybody else.   The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the

> defendant's sworn testimony at that hearing. Because the court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well. For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy. Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [the petitioner] to renege on his representation under oath to the district court that there were no promises made to him to induce his guilty plea.

*Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (internal quotations and citations omitted). The petitioner bears a heavy burden of overcoming the presumption that his sworn plea colloquy statements were true. *See United States v. Hardimon*, 700 F.3d 940, 944 (7th Cir. 2012).

Merriweather has not offered any legitimate reason why the Court should disregard his sworn statements that no one made any promises to him about his sentence before he pled guilty and should instead find that Whitley made such a promise. Merriweather has also offered no objective evidence that, even if Whitley had promised him a furlough, he pled guilty in reliance on that promise. That theory is unsupported by the record where there was no mention of Merriweather's need for surgery anywhere in the record as an important consideration in his decision to plead guilty. He did not even mention his medical concerns in his letter to Whitley five days after his guilty plea or in connection with his attempt to withdraw his guilty plea later in the case. If his plea was truly in reliance on her promise that he would receive a furlough the following day, surely Merriweather would have led off his letter to Whitley with that complaint.[1] There is simply no evidence to show a reasonable probability that Merriweather would not have pled guilty had Whitley not promised him a furlough. All Merriweather offers now is his own

---

[1] Incidentally, Merriweather's recent medical records appear elsewhere in the record of his criminal case (Docs. 319-1 and -2) and demonstrate that the BOP is addressing his many medical needs.

8

self-serving statements, and that is not enough.

Nor has Merriweather offered any reason the Court should disregard his colloquy statement that he was happy with Whitley's representation in favor of his current statements that he did not understand or agree with her strategy for him to plead guilty to a crime he now claims not to have committed. By the time the plea colloquy started, Merriweather had already signed the plea documents, so when the Court asked him if he was happy with Whitley, he could easily have said, "No, she just forced me to sign documents stating I committed a crime when I really didn't." Instead, he reported he was happy with her representation and that he actually did commit the conspiracy. Indeed, Whitley's strategy seemed a sound way to ensure a 3-point acceptance of responsibility reduction for a conspiracy for which there was substantial, strong evidence from his codefendants and others that Merriweather joined that conspiracy despite his current protestations of innocence. *See* PSR ¶¶ 14-36).[2]

And finally, Merriweather has offered no legitimate reason to disregard his sworn statement that he understood the conspiracy charge and was, indeed, guilty of that charge, and to instead accept his self-serving statements that he was innocent. Merriweather was a grown, educated, savvy man with experience in the criminal justice system. He was not a novice likely to be easily tricked by counsel or anyone else. When he swore that he understood the charges and committed the crime, there was—and is—simply no basis for the Court to doubt him. Based on Merriweather's sworn statements, the Court cannot now reject them and find Whitley

---

[2] To the extent Merriweather faults Whitley for not investigating or arguing that he could not have been involved with a conspiracy because of his incarceration or hospitalization, the Court rejects that argument. Hospitalization and incarceration are not inconsistent with a conspiracy, which is an agreement with others to commit a crime. Such an agreement can exist even though one is in prison or in the hospital.

was constitutionally ineffective.

Because Merriweather has not pointed to any evidence showing that Whitley's performance was outside the range of competent counsel or that he suffered any prejudice from her performance, he cannot establish a basis for § 2255 relief.

B.      Stobbs

In Ground 1.c, Merriweather faults Stobbs for failing to argue in the motion to withdraw the guilty plea that Merriweather should be allowed to withdraw the plea because he was innocent of the crimes rather than making the weaker argument that the plea agreement was an improper contract of adhesion to which Merriweather should not be bound.

In response, the Government offers Stobbs's affidavit explaining his strategic decision for making the adhesion contract argument instead of the innocence argument. He notes that in light of Merriweather's admissions at the plea colloquy and in the plea documents, it was his judgment that it would be highly unlikely for the Court to allow Merriweather to withdraw his plea because he asserted he was innocent. Stobbs explains that he advanced the adhesion contract argument because, although not a strong argument, it was one he could make within his ethical obligations to the Court and which would not risk Merriweather's losing a 3-point offense level reduction for acceptance of responsibility or risking a 2-point offense level increase for obstruction of justice. He believed the best strategic decision was to ask the Court to allow Merriweather to withdraw his plea without contesting anything he said in connection with his plea.

Stobbs was not deficient in his performance in connection with Merriweather's request to withdraw his plea. Stobbs was correct that Merriweather faced losing point reductions and getting point increases if he was unsuccessful in his innocence argument, a completely

reasonable assessment. In fact, the Court noted to itself at the time how Stobbs had successfully crafted a motion that never said anything that would risk acceptance of responsibility points. Furthermore, even though Stobbs failed to argue Merriweather's innocence of the conspiracy, Merriweather went there himself, and the Court was tempted at the time of sentencing to deny him the acceptance of responsibility reduction as a consequence.

As for the sentencing hearing itself, Stobbs did not challenge the PSR's relevant conduct finding for two reasons: (1) Merriweather had already pled guilty to conspiracy to distribute more than 100 grams of heroin and (2) relevant conduct was irrelevant in light of the career offender finding on which Merriweather's offense level was based. Instead, he valiantly but unsuccessfully challenged the career offender enhancement. Challenging the relevant conduct would have run the same risks as arguing actual innocence, as noted above, and in light of the career offender status, such objections could have no upside since relevant conduct was, despite its name, *not* relevant to Merriweather's sentence. Furthermore, the Court was likely to reject Merriweather's position, as it often does with defendants who vaguely assert without pointing to any objective evidence that numerous witnesses against them were all unreliable or incredible.

For these reasons, the Court finds that Stobbs did not provide constitutionally ineffective assistance of counsel. Merriweather is not entitled to § 2255 relief on this basis.

## IV.     Motion for Leave to Amend Motion (Doc. 15)

Merriweather asks for leave to amend his § 2255 motion to assert a new claim of ineffective assistance of counsel based on Stobbs's failure to object to certain criminal history points awarded in the presentence investigation report and adopted by the Court. A motion for leave to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15. *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013).

Under Rule 15, a party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which Merriweather has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). The Court has wide discretion in deciding whether to grant a petitioner leave to amend a § 2255 motion. *Vitrano*, 721 F.3d at 806. Generally, a court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)); *Vitrano*, 721 F.3d at 806.

Merriweather's proposed amendment would be futile. He quibbles with counsel's conduct with respect to calculating criminal history points. He fails to realize that his criminal history points were not relevant to his sentence because he was a career offender. Career offender status establishes a criminal history category of VI regardless of how many criminal history points a defendant has amassed. U.S.S.G. § 4B1.1(b). Thus, any mistakes made with respect to criminal history point calculation—and the Court is not finding there were any— would not have prejudiced Merriweather. Because such an amendment to his § 2255 motion would be futile, the Court will deny his motion for leave to amend (Doc. 15).

## V.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of

appealability of this final order adverse to the petitioner.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).

The Court finds that Merriweather has not made such a showing and, accordingly, declines to issue a certificate of appealability.

### VI. Conclusion

For the foregoing reasons and those set forth in the Court's May 8, 2020, order (Doc. 2), the Court **DENIES** Merriweather's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further **DENIES** Merriweather's motion for leave to amend his § 2255 (Doc. 15) and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: May 31, 2022**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**